## COURT OF APPEALS, JANUARY TERM, 1849.

John Tilley, Appellant, vs. David Phillips, Respondent.

No appeal will lie to this court from an order made upon bill of exceptions under the act of December, 1847, where the order was made *after* the 1st of July last; although the suit may have been commenced prior to that time.

The provisions of that act (1847,) are inconsistent with the 11th section of the code, and are consequently repealed. (Code, §388.)

Phillips sued Tilley in the Supreme Court, and was non-suited on the trial in November, 1846. The Plaintiff took a bill of exceptions, upon the argument of which, the Supreme Court granted a new trial in November last. From that decision the Defendant Tilley appealed to this

court, by giving notice of the appeal and executing an undertaking pursuant to the Code of Procedure. (§§ 275, 284.) The undertaking was not a bond.

H. P. HUNT, *for the Respondents*, moved to dismiss the appeal.

H. Z. HAYNER, *for the Appellant.*

BRONSON, J.—The Judiciary Act of December, 1847, gave an appeal from the decision of the Supreme Court in granting or refusing a new trial on a bill of exceptions. (Stat. 1847, p. 639, § 5–10.) If that provision was still in force, the Defendant should have followed it, and given a bond on bringing the appeal. (§ 7.) But that is not the only difficulty. The decision appealed from was made after the Code of Procedure took effect, and after the right of appeal in such cases was at an end. The 11th section of the code (see also § 282,) gives this court jurisdiction upon appeal in certain specified cases, " and no other;" and the order appealed from is not among the specified cases. The provisions of the Judiciary Act of 1847, giving the appeal are inconsistent with the 11th section of the code, and are consequently repealed. (Code, § 388.) This point was, in effect, decided at the last November term. (*Grover* v. *Coon*, ante, page 341. See, also, *Selden* v. *Vermilya*, ante, page 338.) The appeal must be dismissed; but as it was brought since the code took effect, we cannot give costs of motion to the moving party. (Code, § 270. And see *Syme* v. *Ward*, ante, page 342.)

Appeal dismissed with costs of the appeal.